# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0853-16T4
　　　　　　　　 A-0994-16T4

NEW JERSEY DIVISION OF CHILD
PROTECTION AND PERMANENCY,

　　　Plaintiff-Respondent,

v.

T.S.F. AND M.E.C.,

　　　Defendants-Appellants.

_____

IN THE MATTER OF THE GUARDIANSHIP
OF M.M.C.,

　　　Minor.

_____

　　　　　Submitted October 5, 2017 — Decided October 19, 2017

　　　　　Before Judges Simonelli and Rothstadt.

　　　　　On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Camden County, Docket No. FG-04-0142-16.

　　　　　Joseph E. Krakora, Public Defender, attorney for appellant T.S.F. (Durrell Wachtler Ciccia, Designated Counsel, on the briefs).

Joseph E. Krakora, Public Defender, attorney for appellant M.E.C. (Eric J. Meehan, Designated Counsel, on the briefs).

Christopher S. Porrino, Attorney General, attorney for respondent (Melissa H. Raksa, Assistant Attorney General, of counsel; Jennifer A. Lochel, Deputy Attorney General, on the brief).

Joseph E. Krakora, Public Defender, Law Guardian, attorney for minor (Lisa M. Black, Designated Counsel, on the brief).

PER CURIAM

In these consolidated appeals, defendant T.S.F. (Tracey),[1] the biological mother of M.M.C. (Mary), born in 2005, and defendant M.E.C. (Mark), the biological father, appeal from the October 11, 2016 judgment of guardianship, which terminated their parental rights to the child. On appeal, Tracey contends the trial judge erred in finding respondent New Jersey Division of Child Protection and Permanency (Division) proved prongs two, three and four of N.J.S.A. 30:4C-15.1(a) by clear and convincing evidence, and Mark challenges the judge's findings on all four prongs. We affirm.

We will not recite in detail the history of the Division's involvement with defendants. Instead, we incorporate by reference the factual findings set forth in Judge Francine I. Axelrad's

---

[1] Pursuant to Rule 1:38-3(d), we use initials and fictitious names to protect the confidentiality of the participants in these proceedings.

October 11, 2016 oral opinion. However, we add the following brief comments.

Tracey became involved with the Division in January 2005, as the result of her drug use and physical abuse of another child, who was placed with his paternal grandmother and was not involved in this matter. From the time Mary was born in 2005, until the guardianship trial over eleven years later in September 2016, defendants' involvement with the Division was marked by domestic violence, lack of permanent housing, unemployment, incarcerations, and Tracey's continued drug use and non-compliance with the services the Division offered. Mark was incarcerated in 2013, serving a forty-year sentence for voluntary manslaughter. He never requested services either before or after his incarceration, had no relationship with Mary, and made no effort to arrange for her care. Defendants did not make themselves available for a bonding evaluation with Mary.

Mary was removed from defendants' care when she was eighteen months old. There was a failed Kinship Legal Guardianship, a failed relative placement, and a foster mother who died in Mary's presence of a heart attack. She has significant behavioral issues, and was not in an adoptive placement at the time of trial. However, the Division's undisputed expert evidence confirmed that she is

adoptable, and immediately freeing her for select home adoption is her only hope for stability.

Judge Axelrad reviewed the evidence presented at the trial, made detailed factual findings as to each prong of N.J.S.A. 30:4C-15.1(a), and thereafter concluded the Division met by clear and convincing evidence all of the legal requirements for a judgment of guardianship as to both defendants. The judge's opinion tracks the statutory requirements of N.J.S.A. 30:4C-15.1(a), accords with N.J. Div. of Youth & Family Servs. v. F.M., 211 N.J. 420 (2012), N.J. Div. of Youth & Family Servs. v. E.P., 196 N.J. 88 (2008), In re Guardianship of K.H.O., 161 N.J. 337 (1999), In re Guardianship of D.M.H., 161 N.J. 365 (1999), and N.J. Div. of Youth & Family Servs. v. A.W., 103 N.J. 591 (1986), and is more than amply supported by the record. F.M., supra, 211 N.J. at 448-49.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0853-16T4